*Polk, for appellant.*

*J. B. & P. B. Thompson, for appellee.*

---

## G. N. REED *v.* JOHN P. REED.

**Wills—Power of Sale in Executor—Discretion as to Sale With Devisee— Life Estate—Remainder.**

"I will and bequeath to Harriet Evans twenty acres of land, to hers and her children's," etc. "If she, Harriet, should prefer selling the land I authorize my executor to sell it for her and invest the money in any safe manner for the benefit of her and her children." **Held,** that the discretion to be exercised as to whether or not a sale is to be made of the property is left with Harriet Evans alone, but the power to sell and reinvest the proceeds is with the executor. The intention of the devisor was to give Harriet a life estate in the land, with remainder to her children.

**Pleading—Action to Set Aside Re-investment Under Will—Allegation of Answer Must be Proven.**

However anxious the court may be to sustain such a meritorious and proper investment made at the instance of the wife, as the answer of appellants alleges, still it cannot be done in the absence of

.all proof showing that the allegations of the answer are true and that such investment was made.

### Slaves—Free Negro Cannot Hold.

No free negro was capable of acquiring in fee, or holding .for any length of time, any slave other than the husband, parent or descendant of such free negro.

APPEAL FROM WASHINGTON CIRCUIT COURT.

October 17, 1871.

OPINION BY JUDGE PRYOR:

The will of Noah Reed under which appellant qualified as executor, empowered him to sell the land devised to Harriet Evans and her. children and to invest the money in a safe manner for their benefit. The language of the will is: "I will and bequeath to Harriet Evans twenty acres of land to be hers and her children, etc." If she, Harriet, should prefer selling the land I authorize my executor to sell it for her and invest the money in any safe manner for the benefit of her and her children." The discretion to be exercised as to whether or not a sale is to be made of the property is left with Harriet Evans alone, but the power to sell and re-invest the proceeds is with the executor, he only is authorized to make the sale, and when made, to invest the proceeds in a safe manner for Harriet and children, he assumed upon himself this duty and undertook the execution of the trust.

The petition fails to state that the devisee Harriet and her children were free persons of color, or that the husband of Harriet was not the father of these children. The answer, however, states that they were free persons of color, and that Harriet's children were born previous to her marriage with Charles. When this purchase of Charles was made (of which there is no proof), no free negro was capable of acquiring in fee, or holding for any length of time any slave other than the husband, parent, or descendant of such free negro. 2nd vol. Revised Statutes, page 360.

The wife in this case had a life estate in the land, but at its termination the right to the use and possession together with the title was in her children. The proceeds of the land had been

invested in property over which they had no control, and in that species of property, in which they could acquire no title whatever either legal or equitable. The marriage took place as the answer admits, after the publication of the will and no presumption can be indulged in that Charles was the father of the children, and however anxious this court may be, to sustain such a meritorious and proper investment made at the instance of the wife, as the answer of appellant alleges, still it cannot be done in the absence of all proof showing that the allegations of the answer are true and that such an investment was made, and when by such a judgment the children would be deprived of any and all interest in the property alleged to have been bought with the proceeds of the sale of the land.

The intention of the devisor was to give Harriet a life estate in the land with remainder to her children. The case of Carr vs. Estill, 16 B. Monroe, Turner vs. Palmer, 5th, Dana, Mc-Nans, Admr., vs. Watkins, 4 Bibb. are referred to as sustaining this construction of the will. There is no error in the judgment of the court below and the same is therefore affirmed.

*Hays, for appellant.*

*Cunningham, for appellee.*